IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
MISSOULA DIVISION



| | |
|---|---|
| MARSHA DeBUFF, | CV 15–72–M–DWM |
| Plaintiff, | |
| vs. | ORDER |
| WALGREEN COMPANY, | |
| Defendant. | |

Plaintiff seeks an order compelling disclosures and discovery. (Doc. 21). Defendant opposes the motion. (Doc. 24).

A preliminary pretrial conference order issued in this case on October 14, 2015. (Doc. 5). Paragraph 7 of the order provides that the parties "may agree among themselves to extend discovery," but that "<u>the discovery deadline set by the Court will not be continued</u>, nor will the Court entertain discovery motions based on post-deadline occurrences." *Id.* (emphasis in original). On December 11, 2015, the Court issued a scheduling order following a pretrial conference. (Doc. 14). It provided a discovery deadline of July 1, 2016, and a motions deadline of July 29, 2016. *Id.* at ¶ 1. It also provided that "**parties seeking a continuance of the motions deadline or any subsequent deadline must file a motion with the**

**Court" and that "[s]uch motions will not be granted absent compelling reasons, which do not include delay attributable to the parties' stipulated extensions."** *Id.* (emphasis in original).

Rule 16(b)(3)(A) of the Federal Rules of Civil Procedure states that a scheduling order "must limit the time to join other parties, amend the pleadings, complete discovery, and *file motions*" (emphasis added). As the Court has already noted in this case, (*see* Doc. 20), Rule 16(b)(4) requires "good cause" be shown for modification of the scheduling order, while Local Rule 16.3(b)(1) further requires "extraordinary circumstances" also be present. "[C]arelessness is not compatible with a finding of diligence and offers no reason for a grant of relief." *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992).

As required by Rule 16(b)(3)(A), the scheduling order provided a series of deadlines to which both parties agreed. Plaintiff has already failed to show the requisite "good cause" for a modification of the scheduling order. (Doc. 20.) Plaintiff again asks the Court to modify the scheduling order to accommodate a lack of diligence. However, the rationale plaintiff's counsel proffers to support the modification has shifted markedly. Where plaintiff's counsel initially described "uncharacteristic cordiality and good faith attempts to resolve the discovery issues between the parties," (Doc. 16-1 at ¶ 6), he now argues "it is

obvious defendant is gaming this case and has abandoned the principals of seeking and finding truth and justice," (Doc. 21-1 at ¶ 17).[1] This unexplained about-face undermines both his initial and current argument. Plaintiff was fully aware of discovery difficulties well in advance of the discovery deadline, but allowed that deadline, and the motions deadline, to pass without notice. *See Doe ex rel. Doe v. State of Hawaii Dept. of Educ.*, 351 F. Supp. 2d 998, 1008 (D. Hawai'i 2004) (finding no "good cause" where movants were fully aware of arguments made in untimely motion before they agreed to the deadlines set forth in the district court's scheduling order). The now objectionable discovery responses were served June 30, 2016, yet no action to compel was taken until the request to continue the trial date was denied. My examination of the responses, even as explained in defendant's response to the motion to compel, is that far more detailed answers could have been given. But I am still left with the belief there has been no good cause shown to alter the dates that the parties and the Court set at the pre-trial conference in this case.

Plaintiff's motion is untimely and beyond the date set to complete discovery or to file motions.

---

[1] At the hearing concerning Plaintiff's Motion to Continue, plaintiff's counsel again asserted the parties had been working together in a collegial manner to resolve their discovery disputes. (*See* Doc. 19, Minute Entry.)

ACCORDINGLY, IT IS ORDERED that Plaintiff's motion (Doc. 21) is DENIED.

DATED this 5 day of October, 2016.

/s/ Donald W. Molloy
Donald W. Molloy, District Judge
United States District Court